White, J.
Two questions, arising in this case, have been elaborately argued by the learned counsel of the respective parties. 1. Whether the plaintiff, as widow of Allen C. McArthur, deceased, had the right to redeem, under the mortgage executed by herself and her husband, to the bank of Cir cleville ? and 2. If she would otherwise have had such right, whether process against, and service thereof, upon her husband, in the chancery suit; had the effect of extinguishing the right by foreclosure ?
We are of the opinion, that the first question must be answered in the affirmative, and the second, in the negative.
It is not deemed necessary, in this opinion, to enter into an elaborate examination of the numerous authorities cited, and relied on by counsel. They have been, with great research, collated and classified by Mr. Scribner, in his recent learned treatise on the law of dower, which, it is presumed, will be as accessible to the profession of this state, as our own reports.
In the consideration of the first, and main question stated, it is necessary to bear in mind the broad and well-recognized distinction between legal rights and remedies, and such as are merely equitable, and of which, formerly, courts of chancery alone took cognizance. The denial of a party’s right, in a court of law, was in no way decisive against the existence of equity in his favor. Indeed, if his right was recognized in a court of law, he had generally no status in a court of equity. *507 The jurisdictions were distinct, and resort could usually be had to the last-named court, only where the former was not competent to recognize the right sought to be enforced, and administer adequate relief.
The right to dower is given by statute, and is a legal right. The alleged right of the widow to redeem an outstanding legal impediment to the assertion of her right of dower, is quite distinct from the legal right of dower. If such right of redemption exists, it is of equitable origin and exclusively of equitable cognizance, and is the remedy which equity affords for restoring the legal right which has been forfeited by breach of the condition in the mortgage.
It is quite manifest, therefore, that decisions against the widow’s right, in cases in which dower was directly sought to be recovered by her against an outstanding legal mortgage, without a previous redemption, fall short of reaching the question, here raised, as to her right in equity to redeem.
Whether such right in fact exists in favor of the plaintiff, in the present case, must be determined by the application of the recognized principles of equity to the subject matter in controversy. And, in the first place, it should be noted that this is neither the case of a mortgage executed by the husband before the marriage, nor of one given by him to his vendor to secure the purchase money, nor of an incumbrance existing on the land at the time his title was acquired. In these cases the dower rights of the wife would be subordinate to the paramount title of the mortgagee; and whether foreclosure against the husband alone, or the release by him of his equity of redemption to the holder of the mortgage, would cut off or extinguish the equity of redemption of the widow is a different question from that presented by the case before us.
In Rands and wife v. Kendall (15 Ohio Rep. 671), the controversy was in regard to a mortgage given by the husband, and in default, before the marriage, and where the husband had released, in his life time, the equity of redemption to the holder of the mortgage.
*508 Rut here the defendant does not set up a title paramount. He elaims under the plaintiff. Her husband during their coverture was seized of an estate of inheritance and she became invested with an inchoate right of dower which, in the absence of the mortgage, would have become consummate on the death of her husband; and the defendant relies solely on her mortgage deed, and the judicial proceedings had thereon, as a bar to her right of dower which would otherwise have been perfect. What then, in the light of a court of equity, is the operation and effect of this mortgage, as against the plaintiff? The nature of the instrument shows it to be a mere security, independent of the express stipulation to that effect contained in the one in question. After setting out the debt to be secured, the condition proceeds thus: “ Now, therefore, in ease said bill of exchange should be promptly paid at maturity, then this conveyance to be void, otherwise to be and remain in full force and virtue as a mortgage to secure the payment of ■said sum of money,” etc.
There is nothing showing that the release of the wife was designed to be absolute, while the conveyance of the husband was conditional. The same language is used throughout the instrument with regard to both. And upon no principle of construction can we give to it a different operation against the plaintiff from what it should have against her husband. If it is to have a different effect against her, from what it has against him, this must result, alone, from the law as applied to their respective interests. The instrument is, in fact, conditional as to both — the conveyance of his estate by the husband and the release of her dower by the wife — and, before condition broken, either might have satisfied the mortgage by payment of the debt, and upon the estate becoming absolute in the mortgagee, the equity of redemption, or right, in equity, of being relieved against the forfeiture, upon performance of the condition, arose. Dower is highly favored in equity, and we do not perceive the principle upon which a widow is to be denied the right to relief from its forfeiture, upon the performance of the condition of her mortgage, and *509 yet the right be conceded to the husband and all claiming. under him. The principle of equity is not designed exclusively for, nor is it limited in its application to, those holding and pledging estates, but it applies to all penalties and forfeitures designed merely as a security. Although the right of a wife to dower is contingent upon her surviving her husband, nevertheless it is a right or interest in the land, created by the law for her benefit, and vested in her. Kent says: “Dower is a title inchoate, and not consummate until the death of the husband; but it is an interest which attaches on the land as soon as there is a concurrence of marriage and seizin.” 4 Kent’s Com., side p. 50. It is true she can not assign to a stranger. Her right attaches to the land, and no one can claim it discharged of the right of the wife except through her. As she may make an absolute release, we know of no' principle of law that forbids her doing so conditionally, nor do w-e see, as already stated, why she may not claim the benefit of the ordinary principles of equity in the event of a breach of the condition. The statute to provide for the proof and acknowledgment of deeds, etc., seems to contemplate the conditional release by way of mortgage of the wife’s right of dower5 as well as its release by absolute deed. Curwen’s Stats.,, vol. 8, p. 2449, sec. 2; S. & C. Stats., vol. 1, p. 461, sec. 2.
n. If the plaintiff was possessed of the equity, under the mortgage, to which we recognize her as entitled, her right, upon general principles, would not be cut off or foreclosed by a suit to which she was not a party. The general rule, in courts of equity, as to parties, is, that all persons materially interested in the subject matter, ought to be made parties to the suit either as plaintiffs or defendants, so that there may be a complete decree which shall bind them all. Story’s Eq. Plead., sec. 76 a. And it is said, however minute the interest which a person may have, still he must be a party. Spencer’s Equitable Jurisdiction of the Court of Chancery, vol. 2, side p. 703. Courts of equity, says Judge Story, adopt two leading principles for determining'the proper parties to a suit. One of them is a principle, admitted in all courts upon questions *510 affecting the suitor’s person and liberty, as well as his property, namely, that the rights of no man shall be finally decided in a court of justice, unless he himself is present, or, at least, unless he has had a full opportunity to appear and vindicate his rights. The other is, that when a decision is made upon any particular subject matter, the rights of all persons, whose interests are immediately connected with that decision, and affected by it, shall be provided for, as far as they reasonably may be. Story’s Eq. Plead., sec. 72. And in discussing the application of these principles to the dower rights of married women, in deciding Denton v. Nanny (8 Barb. S. C. R. 624), Brown, J., uses the following language :r “ Now, it is impossible to say that the interests of a married woman, who unites with her husband in a mortgage to secure his debt, and who, if she survives him, will be entitled to dower in the estate, after the payment of the debt, is not connected with, or affected by proceedings which aim to deprive her of that right. Nor is it possible to say that such proceedings, when consummated, will not affect h,er rights in the very sense spoken of by the learned commentator. She is, therefore, a necessary party, to the end that the court may provide for and protect those rights, as far as reasonably may be.” And in Mills v. Van Voorhies, decided by the court of appeals of New York (20 N. Y. Rep. 415), it is said, if the wife has any interest, either legal or equitable, complete or inchoate, in the mortgaged premises, then, upon the plainest and most familiar principles, that interest can not be affected, unless by virtue of some statute, by a suit in equity, to which she is not a party. • This is not only well settled by authority, but results from the simplest and most obvious principles of justice. “ The inchoate rights of the wife are as much entitled to protection, as the vested rights of the widow,” p. 420.
III. It is further insisted, on behalf of the defendant, that process against, and service thereof, upon the husband alone, in the foreclosure suit, effected the appearance of the plaintiff, or authorized him to represent her, and that, consequently, she is bound by the decree. The effect of this *511 would be to enable the husband, where the wife had united in a mortgage upon a valuable estate, to secure a small sum of money, at his discretion and without her knowledge, to defeat her dower in the entire estate, and thus, by means of judicial proceedings, to obtain the control, in a great measure, of rights which the statute has carefully sought to guard from his interference. But the interests of husband and wife, quoad her dower, are separate, and, indeed, antagonistic, and, in reference to it, he can in no just sense be regarded, under our law, as her representative.
It would be futile to recognize in her a separate equity, adverse in its nature to the interests of her husband, and for the protection or foreclosure of which she is held to be a necessary party, and yet deny the necessity of the only means for securing to her a day in court.
The demurrer to the answer will be sustained.
Brinicerhofe, C.J., and Scott and Day, JJ., concurred. Welch, J., dissented.